IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Theodore Davis, Jr., | ) | C/A No. 0:13-109-DCN-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden, *BRCI*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Theodore Davis, Jr. ("Davis"), a self-represented state prisoner, filed this petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the court

pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and

Recommendation on the respondent's motion for summary judgment.  (ECF No. 16.)  Pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Davis was advised of the summary judgment

and dismissal procedures and the possible consequences if he failed to respond adequately to the

respondent's motion.  (ECF No. 18.)  Davis responded in opposition.  (ECF No. 26.)  Having

carefully considered the parties' submissions and the record in this case, the court concludes that the

respondent's motion for summary judgment should be granted and Davis's Petition denied.

**BACKGROUND**

Davis was indicted in May 2004 in Lexington County for murder (04-GS-32-2250).  (App.

at 15-7, ECF No. 3-4.)  Davis was represented by Robert T. Williams, Sr., Esquire, and on February

28, 2008 pled guilty to murder.  (App. at 1-24, ECF No. 15-1 at 2-23.)  The circuit court sentenced

Davis to thirty years' imprisonment pursuant to a negotiated plea.  (App. at 24, ECF No. 15-1 at 23.)

Davis did not file a direct appeal.

PJG

Davis filed a *pro se* application for post-conviction relief ("PCR") on July 21, 2008 in which

he alleged ineffective assistance of counsel in that counsel failed to investigate his case, and

involuntary guilty plea. (Davis v. State of South Carolina, 08-CP-32-2977; App. at 25-32, ECF No.

15-1 at 25-31.)  The State filed a return. (App. at 33-37, ECF No. 15-1 at 32-36.)  Davis filed an

amended PCR application on February 3, 2010 in which he alleged the following:

> 1.    Applicant alleges his trial counsel was ineffective for failing to object to the
>       Deputy Solicitor's use of a threat of a Life Without Parole sentence to force
>       a plea to 30 years.
>
> 2.    Applicant alleges his trial counsel, specifically attorney Benjamin Stitely, was
>       ineffective for informing Applicant that he would have to serve 85% of the
>       thirty year sentence if he accepted the plea, when he is actually required to
>       serve the sentence day for day.

(ECF No. 15-2.)  On February 4, 2010, the PCR court held an evidentiary hearing at which Davis

appeared and testified and was represented by Arie Bax, Esquire. (App. at 38-87, ECF No. 15-1 at

37-82.)  By order filed April 21, 2010, the PCR judge denied and dismissed with prejudice Davis's

PCR application. (App. at 88-98, ECF No. 15-1 at 83-93.)

Davis appealed.  In his PCR appeal, Davis was represented by Robert M. Pachak, Esquire,

who filed a Johnson[1] petition on Davis's behalf that presented the following issue:

> Whether defense counsel was ineffective in giving petitioner incorrect sentencing
> advi[c]e?

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



(ECF No. 15-4 at 3.)  On October 22, 2012, the South Carolina Court of Appeals denied Davis's

petition for a writ of certiorari.  (ECF No. 15-5.)  The remittitur was issued November 8, 2012.

(ECF No. 15-6.)  This action followed.

### FEDERAL HABEAS ISSUE

Davis raises the following issue in his federal petition for a writ of habeas corpus:

**Ground One:**  Ineffective Assistance of Counsel; Involuntary Guilty Plea
**Supporting Facts:**  Petitioner was convicted on the basis of a guilty plea that was
the product of ineffective assistance of counsel . . . erroneous sentencing advi[c]e,
[and] failure to investigate[.]

(ECF No. 1 at 5.)

### DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine

dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing

to particular parts of materials in the record" or by "showing that the materials cited do not establish

the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over



facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."

Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once

the moving party makes this showing, however, the opposing party may not rest upon mere

allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex

Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a

petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,

Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor

can the court assume the existence of a genuine issue of material fact where none exists.  Weller v.

Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas

corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly

established federal law as decided by the Supreme Court of the United States," or the decision "was

based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of

federal law, "a federal habeas court may not issue the writ simply because that court concludes in

its independent judgment that the relevant state-court decision applied clearly established federal law



erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.  Id. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 786. "If this standard is difficult to meet, that is because it was meant to be.  Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

PJG

C.       **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his

state court remedies.  28  U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas

petitioner must present his claims to the state's highest court."  Matthews v. Evatt, 105 F.3d 907, 911

(4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir.

2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,

471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of

Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have

exhausted all available state remedies.").  To exhaust his available state court remedies, a petitioner

must "fairly present[] to the state court both the operative facts and the controlling legal principles

associated with each claim."  Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal

quotation marks and citation omitted).  Thus, a federal court may consider only those issues which

have been properly presented to the state appellate courts with jurisdiction to decide them.

Generally, a federal habeas court should not review the merits of claims that would be found to be

procedurally defaulted (or barred) under independent and adequate state procedural rules.  Lawrence

v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v.

Thompson, 501 U.S. 722 (1991).  For a procedurally defaulted claim to be properly considered by

a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

  **1.    Claim Presented**

   The respondent argues that only the first portion of Davis's claim—that counsel was ineffective for providing Davis with erroneous sentencing advice—is properly exhausted.  The respondent interprets the second portion of Davis's claim—"failure to investigate"—as alleging counsel to be ineffective for failing to adequately investigate Davis's case, and argues that this claim is procedurally defaulted as it was not raised as a specific claim in the state PCR proceedings.  In his response in opposition to the respondent's motion for summary judgment, Davis attempts to clarify that he is raising only one ground in the instant Petition that "trial counsel was deficient in providing [Davis] with erroneous 'sentencing' advice as a result of failing to investigate and research the applicable laws regarding the crime within which [Davis] pled guilty to and was sentenced accordingly."  (Petr.'s Resp. Opp'n Summ. J., ECF No. 26 at 11.)  Accordingly, the court construes Davis's Petition as raising a single claim of ineffective assistance of counsel—that counsel provided Davis with erroneous sentencing advice—and finds that this ground is properly exhausted.

  **2.    Ineffective Assistance of Counsel Generally**

   A defendant has a constitutional right to the effective assistance of counsel.  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").



To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).  To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[2] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788.  The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010)).  The Court instructed that the standards created under Strickland and § 2254(d)

---

[2] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012).  However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.



are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted).  Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).  Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

### 3.    Sentencing Advice

Davis  testified  at  the  PCR hearing that plea counsel's associate—Benjamin Stitley, Esquire—erroneously advised Davis that if Davis pled guilty to murder he would only be required to serve 85% of his sentence before becoming eligible for parole when, in actuality, Davis was required to serve the entire thirty-year sentence day for day. (App. at 48-49, ECF No. 15-1 at 47-48.) Davis testified that, had he known that he would have had to serve his entire sentence, he would not have plea guilty and would have insisted on going to trial.  (App. at 50, ECF No. 15-1 at 49.)



Plea counsel Robert T. Williams, Sr., testified that he reviewed discovery with Davis and that there was "never an issue as to whether or not [the State] could prove [Davis] guilty" and that if Davis had proceeded to trial, he would have received a life sentence. (App. at 65-66, ECF No. 15-1 at 62-63.) Williams stated that, with regard to the collateral consequences of Davis's thirty-year plea, he could not recall any statements he made to Davis about how much time Davis would serve, but that it was typically his practice to discuss this with his clients. (App. at 66-67, ECF No. 15-1 at 63-64.) However, Williams testified that with regard to any sentence a client might receive as a result of a guilty plea, it was his habit to "tell [his clients] that they cannot rely on me to tell them how much time that they're going to get because I have seen some strange things happen when they get sentenced and they go over [to the South Carolina Department of Corrections]." (App. at 76, ECF No. 15-1 at 73.) Williams also testified that he would not have let his associate (Stitely) "talk to a client and tell him how much time he's going to get." (App. at 77, ECF No. 15-1 at 74.)

Associate counsel Benjamin Stitely testified at the PCR hearing that he became involved with Davis's case approximately six months prior to Davis's co-defendant's trial and assisted Williams in preparing for Davis's trial. (App. at 56-57, ECF No. 15-1 at 55-56.) Stitely stated that he met with Davis a couple of times at the jail and three times at the solicitor's office, but that his involvement in the case stopped after the last time he met with the solicitors. (App. at 57, ECF No. 15-1 at 56.) Stitely further stated that Williams handled Davis's plea and that Stitely did not speak with Davis again after Davis received the letter from the solicitor notifying Davis that they were seeking a sentence of life without parole. (Id.)

In opposition to the respondent's motion, Davis argues that during Stitely's testimony, Stitely conceded that it was possible that Davis could have gathered from their conversations that he would



only have to serve 85% of a thirty-year sentence for murder.[3]  (See Petr.'s Resp Opp'n Mot. Summ. J., ECF No. 26 at 14.)  Additionally, Davis argues that the PCR court's order erroneously states that "[t]his Court finds Counsel's testimony that he told [Davis] not to rely on his or co-counsel's advice regarding collateral consequences to be credible," as Williams did not testify to such a statement. (Id., ECF No. 26 at 15.)

Davis's arguments focus on the first prong of the Strickland test in that he attempts to show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness.  However, in rejecting Davis's claim, the PCR court also addressed the second prong of Strickland and found that, even assuming that counsel was deficient, Davis could show no resulting prejudice.  (App. at 96-97, ECF No. 15-1 at 91-92.)  Specifically, the PCR court found as follows:

> [A]t the time of the guilty plea the plea judge explained to [Davis] that he 'must receive a sentence of at least 30 years and none of that can be suspended,' and [Davis] replied that he understood. (Tr. p. 6, lines 12-15).  Furthermore, this Court finds that there was an overwhelming amount of evidence of [Davis]'s guilt, including his full confession, pictures taken of him by the ATM he attempted to rob, and video footage taken by the security camera.  Yet, Trial Counsel was able to obtain a negotiation plea of thirty years, the minimum sentence [Davis] could receive. Under these facts, this Court finds that [Davis] suffered no prejudice, even if he could definitively prove that he was misadvised by Counsel or Co-Counsel.  Accordingly, this allegation is denied and dismissed.

(Id.)  Although Davis argues that his own testimony that but for counsel's erroneous advice he would not have plead guilty supports Strickland's second prong, the PCR court implicitly rejected Davis's

---

[3] The court observes that, in support of this argument, Davis appears to rely on a portion of Stitely's testimony that was not included in the court's record.  (See App. at 57-60, ECF No. 15-1 at 56-57.)



testimony on this issue. As stated above, the PCR court specifically observed the overwhelming evidence of guilt and that Davis received the minimum sentence pursuant to his plea.

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Davis cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

Additionally, for all of the reasons discussed by the PCR court, Davis has failed to establish that he was prejudiced and that, but for counsel's errors, he would not have pled guilty but would instead have insisted on going to trial. Therefore, Davis has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 18, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).